IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E.I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

CASE NO. 2:13-MD-2433

Chief Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth Preston Deavers

This document relates to: *Travis Abbott, et al. v. E. I. du Pont de Nemours and Co., et al.*, Case No. 2:17-cv-00998

## DISCOVERY ORDER NO. 15

### Plaintiff's Motion for Leave to Remove Limit on Requests for Admissions

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to Remove the Limit on Requests for Admission as Applied by Local Rule 36.1 (ECF No. 32), DuPont's Opposition to Plaintiffs' Motion (ECF No. 39), and Plaintiffs' Reply in Support of Their Motion (ECF No. 41). For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

I.

On April 9, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") centralized before this Court the cases that make up this multidistrict litigation ("MDL"), all of which are a subset of cases that originated in *Leach v. E.I. Du Pont de Nemours & Co.*, No. 01-C-608 (W. Va. Cir. Ct. Wood County Aug. 31, 2001) ("*Leach* Case"). The *Leach* Case was brought by a group of approximately 80,000 individuals ("*Leach* Class") who alleged a variety of claims related to DuPont's contamination of their drinking water with the chemical C-8, which is a synthetic perfluorinated carboxylic acid and fluorosurfactant also known as perfluorooctanoic.

The *Leach* Case settled with the parties executing a contractual agreement, the *Leach*

Settlement Agreement, wherein the parties fashioned a procedure to determine whether the *Leach* Class would be permitted to file actions against DuPont based on any of the human diseases they believed had been caused by their exposure to C-8 discharged from DuPont's Washington Works plant. The procedure established a Science Panel to study human disease among the *Leach* Class. In 2012, the Science Panel delivered Probable Link Findings for six human diseases ("Linked Diseases"), which means that for that *Leach* Class member it is more likely than not that there is a link between his or her exposure to C-8 and his or her Linked Disease.

Since the global settlement of approximately 3,500-plus cases, over fifty additional cases have been filed by members of the *Leach* Class who all have alleged either kidney or testicular cancer, two Linked Diseases, including Plaintiff Travis Abbott who was diagnosed with testicular cancer and who filed an action on November 14, 2017. (ECF No. 1.) After discovery commenced in this action, a dispute arose regarding the number of permissible requests for admission. Plaintiffs seek leave to serve in excess of forty requests for admission on DuPont, which has refused to respond to any request for admission beyond number 40.[1] (ECF No. 32.) DuPont opposes Plaintiff's Motion (ECF No. 39) and Plaintiff has filed a reply (ECF No. 41.)

## II.

A party may serve on another party a written request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either; and . . . the genuineness of any described documents." Fed. R. Civ. P. 36(a). Southern District of Ohio Civil Rule 36.1 provides that "[u]nless there has been agreement of the

---

[1] Plaintiffs previously voluntarily dismissed Defendants The Chemours Company and DowDuPont, Inc. (ECF Nos. 17, 38.)

responding party or leave of Court has first been obtained, no party shall serve more than forty requests for admission (including all subparts) upon any other party."

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)); *see also* Fed. R. Civ. P. 26(b)(2). On a party's motion or on its own, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines" that, *inter alia*, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). "To determine whether a party should be permitted to serve additional discovery requests, 'the Court looks to whether the benefits of the expansion outweighs the burden of the extra discovery.'" *Pettus-Brown v. Phelps*, 2:18-cv-082, 2018 WL 5960821, at *5 (S.D. Ohio Nov. 14, 2018) (quoting *Martin v. Posey*, No. 2:15-cv-2294, 2017 WL 412876, at *4 (S.D. Ohio Jan. 31, 2017)), *report and recommendation adopted by* 2019 WL 132346 (S.D. Ohio Jan. 8, 2019). "A party requesting leave to serve additional discovery requests must make a "particularized showing" to establish a need for those additional requests." *Id.* (citing *St. Ann v. McLean*, No. 5:15-cv-11770, 2017 WL 5732991, at *2 (E.D. Mich. Nov. 28, 2017)). This showing generally requires the party seeking to serve additional discovery to submit the proposed discovery requests to the district court for review. *Id.*

### III.

Here, Plaintiffs seek leave to serve an initial 159 requests for admission ("RFAs"). (ECF No. 32 at 2; *see also* Exhibit A, No. 32-1, attached thereto (copy of proposed RFAs).) Plaintiffs

3

argue that the number of proposed RFAs is necessary and that the RFAs are narrowly tailored to this lawsuit and unique to the *Leach* Class membership. (ECF No. 32 at 3–5.) DuPont disagrees, complaining first that Plaintiffs served these RFAs before seeking leave of the Court in contravention of the Local Rules. (ECF Nos. 39, 41.) DuPont further complains that Plaintiffs have failed to make the necessary particularized showing to exceed the forty-request limit. (*Id.* at 2–5.) DuPont also contends that many of the proposed RFAs were used in other cases, duplicative, were previously objected to or denied by DuPont, or are otherwise improper. (*Id.* at 1, 5–8.)

DuPont's arguments are not well taken. As a preliminary matter, Plaintiffs represent that they mistakenly believed that the limit on RFAs was lifted and therefore did not serve the extra RFAs in intentional disregard of the Court's Local Rules.

Turning to the merits, the Court first notes that Plaintiffs' proposed additional RFAs are generally divided into topics as follows:

> Approximately 72 of the RFAs are variations of the same requests, addressing the address of the contaminated water source, the water district of the contaminated water source, and/or the year of exposure;
>
> Approximately 36 other RFAs address scientifically quantifiable aspects of the *Leach* Class membership, probable link diagnosis, date of diagnosis, identifiable factors with alleged causation; and specific admissions or denials about communications sent to Plaintiff or intended for Plaintiff to rely upon;
>
> Approximately 35 RFAs relate to DuPont's conduct about which it has already testified in the earlier MDL trial cases;
>
> Approximately 3 of the requests address DuPont's defenses raised in the prior four trials that DuPont acted in timely and responsible manner regarding the dumping of chemicals into the environment as soon as it was aware of any potential risk.

*See* ECF No. 32 at 4–5; Exhibit A, attached thereto. After considering the proposed requests and the parties' arguments, the Court finds that Plaintiffs have met their burden of establishing the

4

need to exceed the number of permissible RFAs. *Pettus-Brown*, 2018 WL 5960821, at *5. The benefit of serving these proposed RFAs will outweigh any burden of extra discovery. *See id.* Addressing these matters through RFAs will serve Rule 36's purpose of facilitating the presentation of cases to the trier of fact.[2] *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *7 (S.D. Ohio Jan. 28, 2016) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38 (S.D.N.Y. 1997)); *see also Piskura v. Taser Int'l*, No. 1:10-cv-248, 2011 WL 6130814, at *1 (S.D. Ohio Nov. 7, 2011) ("The functional purpose of utilizing requests to admit in litigation is to facilitate proof and narrow the issues presented at trial."), *report and recommendation adopted by*, 2011 WL 6122756 (S.D. Ohio Dec. 8, 2011).

## IV.

For all these reasons, Plaintiffs' Motion for Leave to Remove the Limit on Requests for Admission as Applied by Local Rule 36.1 (ECF No. 32) is **GRANTED**.[3] The parties are **ORDERED** to file a joint written notice by **SEPTEMBER 5, 2019**, reporting on the status of this discovery.

**IT IS SO ORDERED.**

7-30-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATE MAGISTRATE JUDGE

---

[2] The parties have filed motions for summary judgment. (ECF Nos. 49, 50.)
[3] In granting Plaintiffs' Motion, the Court takes no position on the sufficiency of any of DuPont's responses to any RFAs.

5