IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E.I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

CASE NO. 2:13-MD-2433

Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth Preston Deavers

This document relates to: Travis Abbott, *et al.* v. E. I. du Pont de Nemours and Co., *et al.*, Case No. 2:17-cv-00998

## ORDER

This matter is before the Court for consideration of Defendant's Unopposed Motion for Leave to File a Certain Motion and Exhibits Under Seal. (ECF No. 96.) Defendant seeks leave to redact approximately three sentences in its forthcoming Opposition to Plaintiffs' Motion to Strike and for a Protective Order regarding Dr. Wheeler's Supplemental Opinion and Request for Sanctions ("Opposition") related to Plaintiff Travis Abbott's non-public medical information and personally identifying information and to file under seal five pathology reports and one partially redacted pathology report from Dr. Wheeler. (*Id.*)

This Court has previously explained the rigorous standard when considering a request for leave to file information under seal. (ECF Nos. 46, 48.) A court has supervisory power over its own records and retains discretion to seal records, which is limited by the strong, presumptive right of the pubic to review those records. *See Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v.*

*Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Applying the foregoing considerations to this case, the Court finds that the public has an interest in this action, which arises from Defendant's release of the chemical C-8 into the environment around the Washington Works plant in the 1950s that contaminated the water supply in several water districts in Ohio and West Virginia. However, the information sought to be sealed is the private health information of Mr. Abbott. (ECF No. 96.) For the reasons previously discussed in detail its prior Order (ECF No. 48), the strong federal policy in protecting the non-disclosure of private health information of Mr. Abbott under the Health Insurance Portability and Accountability Act of 1996, and even more stringent state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), outweigh the public's interest in disclosure of these materials in this case and serves the strong policy of protecting patient information. *See Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004); *Turk v. Oiler*, 732 F. Supp. 2d 758, 771 (N.D. Ohio 2010); *Shane Grp., Inc.*, 825 F.3d at 305. In addition, permitting Defendant to redact approximately three sentences from its forthcoming

2

Opposition and a portion of Dr. Wheeler's report and to seal five pathology reports related to Mr. Abbott's non-public medical information "is no broader than necessary" to protect that information. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (citations and internal quotation marks omitted).

For these reasons, Defendant's Unopposed Motion for Leave to File a Certain Motion and Exhibits Under Seal (ECF No. 96) is **GRANTED**. The Clerk is **DIRECTED** to accept for filing under seal Defendant's Opposition as well as certain supporting exhibits, including the five pathology reports and Dr. Wheeler's report. Defendant is **ORDERED** to file on the docket a redacted copy of its Opposition and these exhibits within **SEVEN (7) DAYS** of filing its Opposition under seal.

**IT IS SO ORDERED.**

10-3-2019
DATE

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATE MAGISTRATE JUDGE**

3