IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE NEMOURS AND
COMPANY C-8 PERSONAL INJURY
LITIGATION

**This document relates to:**

*Swartz et al., v. E. I. du Pont de Nemours and Company*, Case No. 2:18-cv-136

*Abbott et al., v. E. I. du Pont de Nemours and Company*, Case No. 2:17-cv-998

CASE NO. 2:13-MD-2433

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE ELIZABETH P. DEAVERS

---

## PROPOSED FINAL JURY INSTRUCTIONS

Pursuant to CMO Nos. 26 and 27 [ECF Nos. 5185 and 5186], and PTO No. 51-A [ECF No. 5279], the Parties hereby submit their proposed jury instructions, subject to modifications depending on developments during the trial.  In recognition of the Court's previous rulings, including but not limited to the Court's rulings on jury instructions in the first three trials in this MDL, and with the understanding that the Court is likely to give substantially the same instructions in *Swartz* and *Abbott* as the Court gave in *Vigneron,* and while preserving all prior objections and positions, the Parties' proposed instructions for *Swartz* and *Abbott* largely follow the Court's final instructions in *Vigneron*. In the limited instances where one or both Parties request modifications from the final instructions in *Vigneron* (other than to conform the instructions to this trial, such as to substitute the name of the Plaintiffs, to add the loss of consortium instruction, and to revise for the type of cancer at issue), those modifications are clearly noted in the text of the instruction.

These proposed jury instructions also reflect the Court's determination in DMO 34 [ECF No. 5285].  DuPont preserves all prior objections and positions regarding the application of collateral estoppel to these claims.  *See* ECF Nos. 5278, 5281-1, 5283.

As to any disputed instructions, the Parties reserve the opportunity to explain their positions in more detail and submit additional authority, if necessary, at the charge conference. The Parties also reserve their rights to alter, amend, supplement, or withdraw any proposed instruction, as well as propose new instructions, in light of future developments during the trial or otherwise.

Date: January 14, 2020

Respectfully submitted,

*s/ Jon C. Conlin*
Jon C. Conlin
CORY WATSON, P.C.
2131 Magnolia Ave., Suite 200
Birmingham, AL 35205
Telephone: 205-328-2200
Fax: 205-324-7896
Email: c8@corywatson.com

F. Jerome Tapley
Elizabeth E. Chambers
Nina M. Towle
Mitchell Theodore
Brett Thompson
CORY WATSON, P.C.
2131 Magnolia Ave., Suite 200
Birmingham, AL 35205
Telephone: 205-328-2200
Fax: 205-324-7896
Email: c8@corywatson.com

Counsel for Plaintiffs

*s/ Damond R. Mace*
Damond R. Mace (0017102)
Nathan A. Leber (0090770)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)
Email: damond.mace@squirepb.com
          nathan.leber@squirepb.com

Aneca E. Lasley (0072366)
Jesse L. Taylor (0088209)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 S. High Street
Columbus, Ohio 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)
Email: aneca.lasley@squirepb.com
          jesse.taylor@squirepb.com

Counsel for Defendant E. I. du Pont de Nemours and Company

## **TABLE OF CONTENTS**

| **Instruction No.** | **Description** | **Page** |
|---|---|---|
| Instruction No. 1 (Province of the Court) | | 1 |
| Instruction No. 2 (Province of the Jury) | | 2 |
| Instruction No. 3 (Multiple Plaintiffs) | | 3 |
| Instruction No. 4 (All Persons Equal Before the Law) | | 4 |
| Instruction No. 5 (Corporations) | | 5 |
| Instruction No. 6 (Duties of the Jury) | | 6 |
| Instruction No. 7 (Evidence) | | 7 |
| Instruction No. 8 (Inadmissible and Stricken Evidence) | | 8 |
| Instruction No. 9 (Stipulations and Admissions) | | 9 |
| Instruction No. 10 (Direct Evidence; Circumstantial Evidence) | | 10 |
| Instruction No. 11 (Inferences Defined) | | 11 |
| Instruction No. 12 (Credibility of Witnesses) | | 12-13 |
| Instruction No. 13 (Expert Witnesses) | | 14 |
| Instruction No. 14 (Evaluation of Deposition Testimony) | | 15 |
| Instruction No. 15 (Burden of Proof) | | 16 |
| Instruction No. 16 (Preponderance of the Evidence) | | 17 |
| Instruction No. 17 (If You Find or If You Decide) | | 18 |
| Instruction No. 18 (General Statement of Issues) | | 19 |
| Instruction No. 19 (Statute of Limitations) | | 20 |
| Instruction No. 20 (Negligence – Generally & Scope of Jury Inquiry) | | 21-22 |
| Instruction No. 21 (Negligence – Duty) | | 23 |
| Instruction No. 22 (Negligence – Breach) | | 24 |

Instruction No. 23 (Negligence – Proximate Cause)                                      25

Instruction No. 24 (Negligence – Proximate Cause – Foreseeability)                     26

Instruction No. 25 (Negligence – Conclusion)                                           27

Instruction No. 26 (Permanent & Substantial Physical Deformity)                        28

Instruction No. 27 (Loss of Consortium)                                                29

Instruction No. 28 (Damages – Generally)                                               30

Instruction No. 29 (Compensatory Damages)                                           31-32

Instruction No. 30 (Future Damages)                                                    33

Instruction No. 31 (Damages – Taxes )                                                  35

Instruction No. 32 (Damages – Attorneys' Fees)                                         32

Instruction No. 33 (Interrogatory To Be Given)                                         36

Instruction No. 34 (Clear and Convincing Evidence)                                     37

Instruction No. 35 (Actual Malice)                                                     38

Instruction No. 36 (Deliberations and Verdict Information)                          39-40

Instruction No. 37 (Duty to Deliberate)                                                41

Instruction No. 38 (Form of Verdict)                                                   42

Instruction No. 39 (Experiments, Research, and Investigation)                          43

Instruction No. 40 (Instructions and Form Do Not Recommend Any Particular Verdict)     44

Instruction No. 41 (Notify Court Security Officer When Verdict is Ready)               45

Instruction No. 42 (Written Instructions)                                              46

Jury Verdict Form For Negligence Claim (Swartz) (DuPont's Version)                     47

Jury Verdict Form For Loss of Consortium Claim (Swartz) (DuPont's Version)             48

Jury Verdict Interrogatory No. 1 (Swartz) (DuPont's Version)                           49

Jury Verdict Interrogatory No. 2 (Swartz) (DuPont's Version)                           50

Jury Verdict Form For Negligence Claim (Abbott) (DuPont's Version)                     51

Jury Verdict Form For Loss of Consortium Claim (Abbott) (DuPont's Version)    52

Jury Verdict Interrogatory No. 1 (Abbott) (DuPont's Version)    53

Jury Verdict Interrogatory No. 2 (Abbott) (DuPont's Version)    54

Jury Verdict Form For Negligence Claim (Abbott) (Plaintiffs' Version)    55

Jury Verdict Form For Loss of Consortium Claim (Abbott) (Plaintiffs' Version)    56

Jury Verdict Interrogatory No. 1 (Abbott) (Plaintiffs' Version)    57

Jury Verdict Interrogatory No. 2 (Abbott) (Plaintiffs' Version)    58

Jury Verdict Form For Negligence Claim (Swartz) (Plaintiffs' Version)    59

Jury Verdict Form For Loss of Consortium Claim (Swartz) (Plaintiffs' Version)    60

Jury Verdict Interrogatory No. 1 (Swartz) (Plaintiffs' Version)    61

**Instruction No. 1**

**PROVINCE OF THE COURT**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, the time has come to instruct you as to the law governing the case.

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the Court and to apply the law so given to the facts as you find them from the evidence before you.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.


References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 1.

1

**Instruction No. 2**

**PROVINCE OF THE JURY**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Complaints of two sets of Plaintiffs—Angela and Teddy Swartz, and Travis and Julie Abbott—whom I will sometimes refer to collectively as the Swartzes and the Abbotts, or individually as "Angela Swartz" or "Mrs. Swartz," "Teddy Swartz" or "Mr. Swartz," "Travis Abbott" or "Mr. Abbott," and "Julie Abbott" or "Mrs. Abbott."  Mr. and Mrs. Swartz and Mr. and Mrs. Abbott have filed claims against Defendant DuPont, referred to as "Defendant" or "DuPont."

You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The parties and the public expect that you will carefully and impartially consider all the evidence, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

<u>References</u>: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 2.

2

**Instruction No. 3**

**MULTIPLE PLAINTIFFS**

This trial involves two sets of plaintiffs: Mrs. Swartz and her husband, Mr. Swartz, as well as Mr. Abbott and his wife, Mrs. Abbott.  Although the claims of these plaintiffs are being tried together, the rights of Mrs. Swartz and Mr. Swartz are separate and distinct from the rights of Mr. Abbott and Mrs. Abbott.  You should decide each set of plaintiffs' claims as if they were asserted in a separate action.

<u>Reference</u>: OJI § 311.03(1).

**Instruction No. 4**

**ALL PERSONS EQUAL BEFORE THE LAW**

The case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 3.

4

**Instruction No. 5**

**CORPORATIONS**

A corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of his or her duties as an employee of the corporation.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 4.

**Instruction No. 6**

**DUTIES OF THE JURY**

Counsel in this case may have referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions, or throughout the trial, is to be taken as an indication that I have any opinions about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 5.

6

**Instruction No. 7**

**EVIDENCE**

The evidence in this case consists of the sworn testimony of the witnesses and all the exhibits which have been received into evidence. The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: (1) statements and arguments of the attorneys; (2) questions and objections of the attorneys; (3) testimony that I instructed you to disregard; and (4) anything you may have seen or heard when court was not in session, even if what you saw or heard was done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case. However, you are not limited to the bald statements of the witnesses, but you are permitted to draw from the facts which you have found have been proved, such reasonable inferences as seem justified in the light of your own experience. This is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 6.

**Instruction No. 8**

**INADMISSIBLE AND STRICKEN EVIDENCE**

It is the duty of the lawyers to object when the other side offers testimony or other materials which a lawyer believes are not properly admissible in evidence. If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 7.

8

**Instruction No. 9**

**STIPULATIONS AND ADMISSIONS**

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A stipulation is an agreement between both sides that certain facts are true. An admission means that certain facts are not disputed. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless instructed otherwise, accept the stipulation as evidence, and regard that fact as proved.


References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 8.

**Instruction No. 10**

**DIRECT EVIDENCE; CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the applicable burden of proof, which is explained in these instructions.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 9.

10

**Instruction No. 11**

**INFERENCES DEFINED**

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts that have been established by the evidence in the case.


References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 10.

11

**Instruction No. 12**

**CREDIBILITY OF WITNESSES**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness' testimony is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find the testimony of a small number

12

of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the

contrary.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury
Instructions [*Vigneron* ECF No. 195] at Instruction No. 11.

**Instruction No. 13**

**EXPERT WITNESSES**

You have heard from witnesses who are experts in a particular field because of their special education, knowledge, and/or experience. Such expert witness testimony is admitted for whatever assistance it may provide to help you arrive at a just verdict.

You are not bound to accept the testimony of any person just because he or she testified as an expert witness. As with other witnesses, the duty of deciding what weight to give to the testimony of an expert witness rests on you alone. In deciding what weight to give to an expert's testimony, you may consider the expert's skill, experience, knowledge, veracity, and familiarity with the facts of this case. You should also apply the same rules that apply to other witnesses when testing the credibility of each expert witness and deciding what weight to give his or her testimony.

<u>References</u>: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 12.

**Instruction No. 14**

**EVALUATION OF DEPOSITION TESTIMONY**

The testimony of certain witnesses was presented by videotape deposition. You should give

this testimony the same consideration you would give it had the witness personally appeared in court.

<u>References</u>: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury
Instructions [*Vigneron* ECF No. 195] at Instruction No. 13.

15

**Instruction No. 15**

**BURDEN OF PROOF**

Unless I instruct you otherwise, the burden of proof in this case is on the Plaintiffs to prove

their claims and any damages by a preponderance of the evidence, which I will define for you.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury
Instructions [*Vigneron* ECF No. 195] at Instruction No. 14.

16

**Instruction No. 16**

**PREPONDERANCE OF THE EVIDENCE**

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighted. Quality may, or may not, be identical with quantity.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence, regardless of who produced it.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 15.

17

**Instruction No. 17**

**IF YOU FIND OR IF YOU DECIDE**

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 16.

18

**Instruction No. 18**

**GENERAL STATEMENT OF ISSUES**

**[PLAINTIFFS' PROPOSED INSTRUCTION]**

**[DUPONT'S PROPOSED INSTRUCTION]**

> **Commented [A1]:** Parties to base submissions on Court's rulings regarding the preliminary instructions

19

**Instruction No. 19**

**STATUTE OF LIMITATIONS [PLACEHOLDER PENDING RULING ON MOTIONS]**

**Instruction No. 20**

**NEGLIGENCE – GENERALLY & SCOPE OF JURY INQUIRY**

Now, I will explain the claims brought by Mrs. Swartz and Mr. Abbott, which are claims for negligence.  "Negligence" is a failure to use ordinary care.

Typically, to prove a claim for negligence, a plaintiff like Mrs. Swartz or Mr. Abbott has the burden of proving three elements by a preponderance of the evidence:

1. That the defendant owed a duty of care;

2. That the defendant breached, or failed to follow that duty; and

3. That as a result the plaintiff was injured.

**Plaintiffs' Version:**

As I instructed you at the very beginning of this case, before this trial began, there was a legal determination made that DuPont was negligent in allowing C-8 to enter into the plaintiffs' drinking water. The Court has already determined that DuPont has been found to (1) have owed plaintiffs a duty of care and (2) breached, or failed to follow that duty. Because of this determination, this is not an issue that is legally in dispute in this trial. Juries decide disputed issues of fact. You will not decide whether DuPont was negligent, since that issue has already been determined. Having determined that DuPont was negligent, each plaintiff now has the burden of proving by a preponderance of the evidence:  That, as a result of DuPont allowing C-8 to enter into the plaintiffs' drinking water, he or she was injured.

I will now instruct you on the elements of Negligence, including those which have already been judicially decided.

Reference:  OJI § 311.05(2) (modified); DMO 34 [ECF No. 5285].

21

**DuPont's Version:**

As I instructed you at the very beginning of this case, the first two elements have already been decided.  You are instructed that DuPont owed a duty and breached it.  I will now instruct you regarding the third element, which is the issue that you must decide.

Reference:  OJI § 311.05(2) (modified); DMO 34 [ECF No. 5285]; *Banford v. Aldrich Chem. Co.*, 126 Ohio St. 3d 210, 216-17 (2010).

22

## Instruction No. 21

## NEGLIGENCE – DUTY

**Plaintiffs' Version:**

To prove the existence of a duty, the plaintiffs have already shown by a preponderance of the evidence that a reasonably prudent corporation would have foreseen at the relevant time that injury was likely to result to someone in plaintiffs' position from DuPont's conduct.  It has already been determined that DuPont should have foreseen, under the circumstances, that the likely result of an act or failure to act would cause injuries.  The test for foreseeability was not whether DuPont should have foreseen the injuries exactly as it happened to plaintiffs.   The test was whether under the circumstances a reasonably prudent corporation would have anticipated that an act or failure to act would likely cause injuries. Before this trial began, the Court has already determined that DuPont has been found to (1) have owed plaintiffs a duty of care as defined here. Because of this determination, this is not an issue that is legally in dispute in this trial. Juries decide disputed issues of fact. You will not decide whether DuPont owed plaintiffs a duty of care, since that issue has already been determined

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 19.  Dispositive Motion Order No. 34 [ECF. No. 5285].

**DuPont's Version:**

DuPont preserves it objections to the Court's decision in DMO 34 [ECF No. 5285], but based on that decision, DuPont does not believe this instruction should be given.

References:  Dispositive Motion Order No. 34 [ECF. No. 5285]; *Banford v. Aldrich Chem. Co.*, 126 Ohio St. 3d 210, 216-17 (2010).

**Instruction No. 22**

**NEGLIGENCE – BREACH**

==Plaintiffs' Version:==

Having determined that DuPont owed the plaintiffs a duty, the Court next determine based on the preponderance of the evidence that DuPont breached that duty.  A corporation breaches a duty by failing to use ordinary care.  As I have instructed, ordinary care is the care that a reasonably careful corporation would use under the same or similar circumstances.

Since the Court has already determined that DuPont has been found to have breached, or failed to use ordinary care, this is not an issue that is legally in dispute in this trial. Juries decide disputed issues of fact. You will not decide whether DuPont breach its duty to plaintiffs, since that issue has already been determined

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 20. Dispositive Motion Order No. 34 [ECF. No. 5285].


==DuPont's Version:==

DuPont preserves it objections to the Court's decision in DMO 34 [ECF No. 5285], but based on that decision, DuPont does not believe this instruction should be given.

References:  Dispositive Motion Order No. 34 [ECF. No. 5285]; *Banford v. Aldrich Chem. Co.*, 126 Ohio St. 3d 210, 216-17 (2010).

**Instruction No. 23**

**NEGLIGENCE – PROXIMATE CAUSE**

**Plaintiffs' Version:**

You must determine based on a preponderance of evidence whether DuPont's conduct was a proximate cause of Mrs. Swartz's injuries. Likewise, you must determine based on a preponderance of the evidence whether DuPont's conduct was a proximate cause of Mr. Abbott's injuries. Proximate cause is an act or failure to act that was a substantial factor in bringing about an injury and without which the injury would not have occurred. A substantial factor is present when there is "some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered."

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 20, first paragraph.  OJI § 405.01 (modified); Queen City Terminals, Inc. v. Gen. Am. Transp. Corp., 1995-Ohio-285, 73 Ohio St. 3d 609, 618, 653 N.E.2d 661, 670 (quoting Prosser & Keeton, Law of Torts (5 Ed.1984) 263, Section 41.); Kelemen v. Williams, No. 92AP-1205, 1993 WL 55171, at *4 (Ohio Ct. App. Mar. 4, 1993); In re Gadolinium-Based Contrast Agents Prod. Liability Lit., Nos. 1:08-gd-50000, 1:12-gd-50004, 2013 WL 593993, at *3 (N.D. Ohio Feb. 15, 2013); Skinner v. North Market Dev. Auth., Inc., No. 96APE12-1655, 1991 WL 381638, at *3 (Ohio Ct. App. Jul. 10, 1997); see Restatement (Second) of Torts § 432 (1965); Burrage v. U.S., 134 S. Ct. 881, 890 (2014) (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 41, at. 267 (5th ed. 1984))


**DuPont's Version:**

You must determine based on a preponderance of evidence whether DuPont's conduct was a proximate cause of Mrs. Swartz's injuries. Likewise, you must determine based on a preponderance of the evidence whether DuPont's conduct was a proximate cause of Mr. Abbott's injuries. "Proximate cause" is an act or failure to act that in the natural and continuous sequence directly produced the injury and without which the injury would not have occurred.

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 20, first paragraph; OJI § 405.01(2).

**Instruction No. 24**

**NEGLIGENCE – PROXIMATE CAUSE – FORESEEABILITY**

**Plaintiffs' Version:**

To prove proximate cause, Plaintiffs had to show that their injuries were a natural and probable consequence of DuPont's judicially determined negligence.  The test for foreseeability is not whether DuPont should have foreseen the injury exactly as it happened to Plaintiffs.  Instead, the test is whether under the circumstances a reasonably careful corporation would have anticipated that an act or failure to act would likely result in or cause injuries. For Plaintiffs' injuries to be considered the natural and probable consequence of an act, Plaintiffs had to prove that DuPont should have foreseen or reasonably anticipated that injury would result from its judicially determined negligence.

Since the Court has already determined that DuPont has been found to have breached, or failed to use ordinary care and it was foreseeable that this negligence would result in harm, this is not an issue that is legally in dispute in this trial. Juries decide disputed issues of fact. You will not decide whether harm or injury was foreseeable because of DuPont's negligence, since that issue has already been determined.

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 20, second paragraph (modified by agreement of the parties).  Dispositive Motion Order No. 34 [ECF. No. 5285].

**DuPont's Version:**

DuPont preserves it objections to the Court's decision in DMO 34 [ECF No. 5285], but based on that decision, DuPont does not believe this instruction should be given.

References:  Dispositive Motion Order No. 34 [ECF. No. 5285]; *Banford v. Aldrich Chem. Co.*, 126 Ohio St. 3d 210, 216-17 (2010).

26

**Instruction No. 25**

**NEGLIGENCE – CONCLUSION**

<mark>Plaintiffs' Version:</mark>

You have now heard the relevant law applicable to Plaintiffs' negligence claims. If you find, by a preponderance of the evidence, that DuPont's judicially determind neglgence proximately caused injury to Plaintiffs, then your verdict must be for Plaintiffs. However, if you find that Plaintiffs failed to prove DuPont's negligence proximately caused Mrs. Swartz's injuries, then your verdict on the negligence claim must be for DuPont.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 22. Dispositive Motion Order No. 34 [ECF. No. 5285].

<mark>DuPont's Version:</mark>

You have now heard the relevant law applicable to the element that you must decide of both Mrs. Swartz's and Mr. Abbott's negligence claims. You must determine proximate cause separately for each Mrs. Swartz, and Mr. Abbott. If you find, by a preponderance of the evidence, that DuPont proximately caused injury to Mrs. Swartz, then your verdict must be for Mrs. Swartz. If you find, by a preponderance of the evidence, that DuPont proximately caused injury to Mr. Abbott, then your verdict must be for Mr. Abbott. However, if you find that Mrs. Swartz and/or Mr. Abbott failed to prove that DuPont's conduct caused their respective injuries meaning they would have developed their respective injuries regardless, then your verdict on Mrs. Swartz's and/or Mr. Abbott's negligence claims must be for DuPont.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 22.

27

**Instruction No. 26**

**PERMANENT AND SUBSTANTIAL PHYSICAL DEFORMITY**

==Plaintiffs' Version:==

Plaintiffs do not believe this instruction should be given considering the Court's rulings regarding the inapplicability of Ohio Tort Reform Act.

==DuPont's Version:==

If you find for Mrs. Swartz on her negligence claim, you must also decide whether Mrs. Swartz's injuries resulted in a permanent and substantial physical deformity. A permanent and substantial physical deformity is a catastrophic injury that must be severe, objective, visible, and objectively disfiguring. An injury that is incidental in nature is not a permanent and substantial physical deformity.

References:  Ohio Rev. Code 2315.18; *Arbino v. Johnson & Johnson*, 880 N.E.2d 420, 432-33 (Ohio 2008); *Hetrick v. Edward*, 2014 Ohio Misc. LEXIS 8921, at *5-6 (Ohio Ct. Com. Pl. May 9, 2014); *Weldon v. Presley*, 2011 U.S. Dist. LEXIS 95248, at *19 (N.D. Ohio Aug. 9, 2011), report and recommendation adopted by 2011 U.S. Dist. LEXIS 95247 (N.D. Ohio Aug. 25, 2011); *Simpkins v. Grace Brethren Church of Del.*, 75 N.E.3d 122, 128, 138 (Ohio 2016).

28

**Instruction No. 27**

**LOSS OF CONSORTIUM**

**Plaintiffs' Version:**

      Mr. Swartz and Mrs. Abbott each bring a separate claim for loss of consortium.  Consortium includes any proven loss of marital services, society, companionship, comfort, sexual relations, love, solace, and support due to the injuries suffered by their respective spouses arising from their negligence claims.  If you find for Mrs. Swartz on her negligence claim, you may award an amount that will reasonably compensate Mr. Swartz for damages that you find by a preponderance of evidence resulted to him from a loss of consortium, if any.  Likewise, if you find for Mr. Abbott on his negligence claim, you may award an amount that will reasonably compensate Mrs. Abbott for damages that you find by a preponderance of evidence resulted to her from a loss of consortium, if any.

<u>References</u>: OJI § 315.03 (modified).

**DuPont's Version:**

      DuPont preserves its prior objections to the ability of plaintiffs to pursue any loss of consortium claim.  DuPont maintains its position that all loss of consortium claims were released in the *Leach* Agreement.  Without waiving its prior objections, in the event the Court permits such claims to be tried, DuPont does not have additional objections related to this instruction.

<u>References</u>: ECF Nos. 1897 & 2480; OJI § 315.03 (modified).

29

**Instruction No. 28**

**DAMAGES – GENERALLY**

I will now instruct you on the law of damages as it relates to Plaintiffs' claims.  If you find in favor of Mrs. Swartz or Mr. Abbott on either or both of their negligence claims, then you must determine the issue of their individual damages.  Similarly, if you find in favor of Mr. Swartz or Mrs. Abbott on either or both of their loss of consortium claims, then you must determine the issue of their individual damages.

At this point in the case, I have no way of knowing what your verdicts will be.  The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of one or more of the Plaintiffs by a preponderance of the evidence in the case in accordance with the other instructions.

You are instructed that damages are not presumed, nor may they be based upon speculation or guess work; they must be proven.  You must also understand that the burden is on each of the respective Plaintiffs to prove by the greater weight of the evidence each element of damage that he or she claims.  Unless such item or element claimed is proven by a preponderance of the evidence, a plaintiff cannot recover damages on that item or element of damage.

No plaintiff should be either undercompensated or overcompensated for his or her proven injuries.  You must arrive at a reasonable and just award in view of the evidence.  You are in no way bound by, nor should you use, any rigid mathematical formula, nor are you bound by any numbers suggested by the attorneys.  The determination of damages is solely your function, not the function of counsel, and must be based on proper evidence.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 23 (modified to address loss of consortium and to add agreed-to term "proven" in third paragraph).

30

**Instruction No. 29**

**COMPENSATORY DAMAGES**

If you reach the question of damages for Mrs. Swartz and/ or Mr. Abbott, you will then decide by the greater weight of the evidence an amount of money that will reasonably compensate Mrs. Swartz and/or Mr. Abbott for any actual injury proximately caused by DuPont's conduct.  In deciding this amount, you will consider:

(1) the nature and extent of the injury;

(2) the effect upon physical health;

(3) the pain and suffering experienced; and

(4) the ability or inability to perform usual activities.

With regard to pain and suffering, you may consider whether Mrs. Swartz and/or Mr. Abbott have shown by the greater weight of the evidence that she and/or he suffered from emotional distress or mental anguish related to her and/or his cancer diagnosis and surgeries related to the cancers, complications directly related to the cancers, if any, and/or that she and/or he suffered any mental anxiety over the cancer returning. This latter form of pain and suffering has been referred to throughout this trial as cancerphobia. To recover for cancerphobia, Mrs. Swartz and/or Mr. Abbott each must have separately established by the greater weight of the evidence that she and/or he is aware that she and/or he in fact possess an increased statistical likelihood of developing cancer, and that from this knowledge springs a reasonable apprehension which manifests itself in emotional distress. It is for you to decide whether Mrs. Swartz and/or Mr. Abbott's claimed apprehension or fear of developing cancer is reasonable.

31

If you decide to award damages, you will determine what sum will compensate each plaintiff for her and/or his injuries to date.  In this case, you may not consider lost wages, salaries, past medical bills, or other compensation when determining damages because neither Mrs. Swartz nor Mr. Abbott has asserted a claim for those types of damages. Nor may you consider the cost of any future medical care Mrs. Swartz or Mr. Abbott may require because neither Mrs. Swartz nor Mr. Abbott has made a claim for those types of damages.

Likewise, this same standard should be used when determining any damages awarded to Mr. Swartz or Mrs. Abbott for their Loss of Consortium claims, if you find in either of their favor.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 24 (modified to address loss of consortium claim and to add agreed-to term "the cancer returning" in the second paragraph).

**Instruction No. 30**

**FUTURE DAMAGES**

==Plaintiffs' Version:==

You are not to speculate regarding future damages to any Plaintiff.  None of the plaintiffs has made a claim for future wage loss, medical bills, or physical pain and suffering.  The law deals in probabilities and not mere possibilities.  In determining future damages, you may consider only those things that you find from the evidence are reasonably certain to occur in the future.  "Reasonably certain" means probable, that is, more likely to occur than not.

With reference to the amount of an award, if any, you are to follow the instructions already given.  Among other things, as I have instructed you, in determining future damages, if any, you will find only the damages they are reasonably certain to experience as a proximate result of the injuries.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 25.

==DuPont's Version:==

You are not to speculate regarding future damages to any Plaintiff.  None of the Plaintiffs has made a claim for future wage loss, medical bills, or physical pain and suffering.

**Instruction No. 31**

**DAMAGES – TAXES**

You may not consider federal, state, or city income taxes in determining damages.  In no event may you add to or subtract from an award because of such taxes.


References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 26.

**Instruction No. 32**

**DAMAGES – ATTORNEYS' FEES**

If you decide to award damages, you may not consider attorneys' fees in determining damages.  In no event may you add to or subtract from an award because of attorneys' fees.

35

**Instruction No. 33**

**INTERROGATORIES TO BE GIVEN**

You will be presented with separate interrogatories for both for Mrs. Swartz and Mr. Abbott. You will answer the interrogatories for Mrs. Swartz only if you found in favor of Mrs. Swartz on her negligence claim and awarded her compensatory damages.  You will answer the interrogatories for Mr. Abbott only if you found in favor of Mr. Abbott on his negligence claim and awarded him compensatory damages.

The interrogatories ask whether Mrs. Swartz or Mr. Abbott proved by clear and convincing evidence that DuPont acted with actual malice, and whether the respective Plaintiff has presented proof of actual damages to her/him that resulted from those acts or failures to act of DuPont. I will explain the clear and convincing standard of proof to you, and the meaning of actual malice, in the next two instructions.

You will note that there is no place on the interrogatory for you to add damages. This is because you are only asked to answer the interrogatory, and not to concern yourself with what may follow.

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 27.

**Instruction No. 34**

**CLEAR AND CONVINCING EVIDENCE**

"Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction about the facts to be proved.  It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 28.

**Instruction No. 35**

**ACTUAL MALICE**

**Plaintiffs' Version:**

"Actual malice" means a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Actual malice may be inferred from conduct and surrounding circumstances.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 29.

**DuPont's Version:**

Actual malice means either behavior that is characterized by hatred, ill will, or a spirit of revenge or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. A "great probability of causing substantial harm" means a near certainty that substantial harm will occur. The great probability standard exceeds probable, likely, foreseeable or reckless. Thus, to find that DuPont acted with actual malice, you must conclude by clear and convincing evidence either that DuPont acted with hatred, ill will, or revenge, or that DuPont had subjective knowledge and was nearly certain that its conduct would cause substantial harm to someone like Mrs. Swartz and/ or Mr. Abbott, respectively, and that DuPont consciously disregarded that. Actual malice may be inferred from conduct and surrounding circumstances.

References: *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987); *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 546 (6th Cir. 2000); *Motorist Mut. Ins. Co. v. Said*, 590 N.E.2d 1228, 1234 (Ohio 1992); *Kuebler v. Gemini Transp.*, 2013 U.S. Dist. LEXIS 172769, at *12 (S.D. Ohio Dec. 9, 2013).

**Instruction No. 36**

**DELIBERATIONS AND VERDICT INFORMATION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. The foreperson acts as the chairperson of the meeting and is your spokesperson in court. He or she must see to it that the charges and the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

After you have arrived at the verdict, which must be unanimous, the foreperson and all jurors will sign the verdict form on the lines as indicated. Once you start deliberating, do not talk to the courtroom deputy, or to me, or to anyone else except each other in the jury room about the case. If you have any questions or messages, you must write them down on a piece of paper, signed by any of you, and then give them to the court security officer, who will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits that were admitted into evidence will be sent to the jury room with you so you can review them during your deliberations.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. For example, do not write down or tell anyone outside the jury room that you are split 3-5, or 6-2 or whatever your vote happens to be. That should stay confidential until you are finished.

39

<u>References</u>: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 30 (modified by agreement of the parties to add "that were admitted into evidence" into fourth paragraph).

**Instruction No. 37**

**DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. And I mention again, your verdict must be unanimous.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

Listen carefully to what other jurors have to say, and then decide for yourself if the plaintiffs have met their burden of proof.  Remember that, if you chose to take notes, the notes are for your personal use and should not be shared with other jurors. It is important that each juror rely solely on his or her recollection and not on another juror's notes.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.


References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 31.

41

**Instruction No. 38**

**FORM OF VERDICT**

The Court will provide you with the verdict forms which you will have with you in the jury room.  I will read those to you in a minute.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 32.

**Instruction No. 39**

**EXPERIMENTS, RESEARCH, AND INVESTIGATION**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any test or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Instagram, Snap Chat, or Twitter; to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict in open court.

Make your decision based only on the evidence that you saw and heard here in court.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 33 (modified by agreement of the parties).

**Instruction No. 40**

**INSTRUCTIONS AND FORM DO NOT RECOMMEND ANY PARTICULAR VERDICT**

I caution you that nothing said in these instructions and nothing in the verdict forms prepared for your convenience is to suggest or convey in any way the verdict I think you should return. The verdict you return is your exclusive duty and responsibility as jurors.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 34.

44

**Instruction No. 41**

**NOTIFY COURT SECURITY OFFICER WHEN VERDICT IS READY**

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the

Court.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury
Instructions [*Vigneron* ECF No. 195] at Instruction No. 35.

45

**Instruction No. 42**

**WRITTEN INSTRUCTIONS**

The written form of the instructions on the law I have just given you will be available to you in the jury room.

These instructions, which are contained in a three-ring binder, are placed in the charge of the foreperson you elect.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

You may pass these instructions from juror to juror for individual reading and consideration, but you may not remove any one of the individual sheets from the binder.

These written instructions, which are in exactly the same language as I have given them to you orally, represent the law that is applicable to the facts, as you find the facts to be.

There is a table of contents on the first page of these instructions. You may readily locate any particular instruction by referring to this list.

References: *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195] at Instruction No. 36.

46

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ANGELA SWARTZ and TEDDY
SWARTZ,

              Plaintiffs,          Case No. 18-cv-00136

        v.                  JUDGE EDMUND A. SARGUS, JR.

E. I. DU PONT DE NEMOURS AND
COMPANY,

              Defendant.

**JURY VERDICT FORM FOR SWARTZ NEGLIGENCE CLAIM [DuPont's Version]**

> **Commented [A2]:** Plaintiffs contend that Abbott verdict forms/interrogatories should be first because it is the earlier filed case.
>
> DuPont contents that Swartz verdict forms/interrogatories should go first because it was the first scheduled trial and throughout instructions we have referred to Swartz first.

    1.  Do you find in favor of Mrs. Swartz or DuPont on her negligence claim?

                Mrs. Swartz:   ____

                DuPont:       ____

(All must agree)

_____    _____

_____    _____

_____    _____

_____    _____

    If you found in favor of Mrs. Swartz on Question 1, then answer the next question.
    If you found in favor of DuPont on Question 1, do not answer the following question.

    2.  If you found in favor of Mrs. Swartz, what damages, if any, do you find Mrs. Swartz is entitled to on her negligence claim?

                   $ _____

(All must agree)

_____    _____

_____    _____

_____    _____

_____    _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANGELA SWARTZ and TEDDY**
**SWARTZ,**

           **Plaintiffs,**          **Case No. 18-cv-00136**

          **v.**          **JUDGE EDMUND A. SARGUS, JR.**

**E. I. DU PONT DE NEMOURS AND**
**COMPANY,**

          **Defendant.**

**JURY VERDICT FORM FOR SWARTZ LOSS OF CONSORTIUM CLAIM [DuPont's Version]**

    1.  If you found in favor of Mrs. Swartz on her negligence claim, do you find in favor of Mr. Swartz or DuPont on Mr. Swartz's loss of consortium claim?

                Mr. Swartz:     _____

                DuPont:        _____

(All must agree)

_____

_____

_____

_____

    If you found in favor of Mr. Swartz on Question 1, then answer the next question.
    If you found in favor of DuPont on Question 1, do not answer the following question.

    2.  If you found in favor of Mr. Swartz, what damages, if any, do you find Mr. Swartz is entitled to on his loss of consortium claim?

                $ _____

(All must agree)

_____

_____

_____

_____

48

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANGELA SWARTZ and TEDDY**
**SWARTZ,**

             **Plaintiffs,**               **Case No. 18-cv-00136**

      **v.**                     **JUDGE EDMUND A. SARGUS, JR.**

**E. I. DU PONT DE NEMOURS AND**
**COMPANY,**

             **Defendant.**

**SWARTZ JURY VERDICT INTERROGATORY NO. 1 [DuPont's Version][1]**

      Answer this interrogatory only if you found in favor of Mrs. Swartz on her negligence claim and awarded her compensatory damages.

      Do you find that Mrs. Swartz has proven by a preponderance of the evidence that she has a permanent and substantial physical deformity that resulted from her kidney cancer?

                         Yes:    \_\_\_\_

                         No:    \_\_\_\_

(All must agree)

_____

_____

_____

_____

<u>References</u>:  OJI § 315.01 (modified); Ohio Rev. Code § 2315.18(B)(3)(a)-(b).

---

[1] Plaintiffs do not submit an alternative version in light of the Court's previous rulings, including in DMO 34 [ECF No. 5285].

49

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ANGELA SWARTZ and TEDDY
SWARTZ,

               Plaintiffs,            Case No. 18-cv-00136

       v.                     JUDGE EDMUND A. SARGUS, JR.

E. I. DU PONT DE NEMOURS AND
COMPANY,

               Defendant.

## SWARTZ JURY VERDICT INTERROGATORY NO. 2 [DuPont's Version]

    Answer this interrogatory only if you found in favor of Mrs. Swartz on her negligence claim and awarded her compensatory damages.

    Do you find that Mrs. Swartz has proven by clear and convincing evidence that DuPont acted with actual malice and that Mrs. Swartz has proven actual damages to her that resulted from those acts or failures to act of DuPont? ("Actual malice" means a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.)

                         Yes:      ____

                         No:       ____

(All must agree)

_____

_____

_____

_____

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195], Jury Verdict Interrogatory.

50

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT and JULIE ABBOTT,**

              **Plaintiffs,**

           **v.**

**E. I. DU PONT DE NEMOURS AND**
**COMPANY,**

              **Defendant.**

           **Case No. 17-cv-00998**

           **JUDGE EDMUND A. SARGUS, JR.**

---

**JURY VERDICT FORM FOR ABBOTT NEGLIGENCE CLAIM [DuPont's Version]**

    1.  Do you find in favor of Mr. Abbott or DuPont on his negligence claim?

              Mr. Abbott:    \_\_\_\_

              DuPont:     \_\_\_\_

(All must agree)

_____

_____

_____

_____

    If you found in favor of Mr. Abbott on Question 1, then answer the next question.
    If you found in favor of DuPont on Question 1, do not answer the following question.

    2.  If you found in favor of Mr. Abbott, what damages, if any, do you find Mr. Abbott is entitled to on his negligence claim?

              $ _____

(All must agree)

_____

_____

_____

_____

51

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT and JULIE ABBOTT,**

        **Plaintiffs,**

          **v.**

**E. I. DU PONT DE NEMOURS AND**
**COMPANY,**

        **Defendant.**

**Case No. 17-cv-00998**

**JUDGE EDMUND A. SARGUS, JR.**

**JURY VERDICT FORM FOR ABBOTT LOSS OF CONSORTIUM CLAIM [DuPont's Version]**

    1.  If you found in favor of Mr. Abbott on his negligence claim, do you find in favor of Mrs. Abbott or DuPont on her loss of consortium claim?

                Mrs. Abbott:     ____

                DuPont:        ____

(All must agree)

_____      _____

_____      _____

_____      _____

_____      _____

    If you found in favor of Mrs. Abbott on Question 1, then answer the next question.
    If you found in favor of DuPont on Question 1, do not answer the following question.

    2.  If you found in favor of Mrs. Abbott, what damages, if any, do you find Mrs. Abbott is entitled to on her loss of consortium claim?

                $ _____

(All must agree)

_____      _____

_____      _____

_____      _____

_____      _____

52

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT and JULIE ABBOTT,**

           **Plaintiffs,**

    **v.**

**E. I. DU PONT DE NEMOURS AND COMPANY,**

           **Defendant.**

           **Case No. 17-cv-00998**

           **JUDGE EDMUND A. SARGUS, JR.**

**ABBOTT JURY VERDICT INTERROGATORY NO. 1 [DuPont's Version]**

PLACEHOLDER FOR STATUTE OF LIMITATIONS

           Yes:    ____

           No:    ____

(All must agree)

_____     _____

_____     _____

_____     _____

_____     _____

53

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT and JULIE ABBOTT,**

          **Plaintiffs,**

            **v.**

**E. I. DU PONT DE NEMOURS AND**
**COMPANY,**

          **Defendant.**

                       **Case No. 17-cv-00998**

                       **JUDGE EDMUND A. SARGUS, JR.**

**ABBOTT JURY VERDICT INTERROGATORY NO. 2 [DuPont's Version]**

      Answer this interrogatory only if you found in favor of Mr. Abbott on his negligence claim and awarded him compensatory damages.

      Do you find that Mr. Abbott has proven by clear and convincing evidence that DuPont acted with actual malice and that Mr. Abbott has proven actual damages to him that resulted from those acts or failures to act of DuPont? ("Actual malice" means a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.)

                    Yes:    ____

                    No:     ____

(All must agree)

_____      _____

_____      _____

_____      _____

_____      _____

54

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TRAVIS ABBOTT AND
JULIE ABBOTT,**

      **Plaintiffs,**

                    **Case No. 2:17-cv-998**

      **v.**                **JUDGE EDMUND A. SARGUS, JR.**

**E.I. DU PONT DE NEMOURS
AND COMPANY,**

      **Defendant.**

**<u>JURY VERDICT FORM FOR NEGLIGENCE CLAIM</u> <mark>[Plaintiffs' Version]</mark>**

    1.  Do you find that DuPont's negligence was a proximate cause of Mr. Abbott's injuries?

                         Yes:    \_\_\_\_

                         No:    \_\_\_\_

(All must agree)

_____

_____

_____

_____

_____

    If your answer to Question 1 is "Yes," then answer the next question.
    If your answer to Question 1 is "No," do not answer the following question.

    2.  If you found in favor of Mr. Abbott, what damages, if any, do you find Mr. Abbott is entitled to on his negligence claim?

                        $ _____

(All must agree)

_____

_____

_____

_____

55

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT AND**
**JULIE ABBOTT,**

        **Plaintiffs,**

                          **Case No. 2:17-cv-998**

      **v.**                    **JUDGE EDMUND A. SARGUS, JR.**

**E.I. DU PONT DE NEMOURS**
**AND COMPANY,**

        **Defendant.**

**JURY VERDICT FORM FOR LOSS OF CONSORTIUM CLAIM [Plaintiffs' Version]**

    1.  If you found in favor of Mr. Abbott on his negligence claim, do you find in favor of Mrs. Abbott on her loss of consortium claim?

                     Yes:     \_\_\_\_

                     No:      \_\_\_\_

(All must agree)

_____       _____

_____       _____

_____       _____

_____       _____
_____       _____

    If your answer to Question 1 is "Yes," then answer the next question.
    If your answer to Question 1 is "No," do not answer the following question.

    2.  If you found in favor of Mr. Swartz, what damages, if any, do you find Mr. Swartz is entitled to on his loss of consortium claim?

                     $ _____

(All must agree)

_____       _____

_____       _____

_____       _____

_____       _____

56

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT AND**
**JULIE ABBOTT,**

        **Plaintiffs,**

                            **Case No. 2:17-cv-998**

        **v.**                       **JUDGE EDMUND A. SARGUS, JR.**

**E.I. DU PONT DE NEMOURS**
**AND COMPANY,**

        **Defendant.**

**<u>JURY VERDICT INTERROGATORY NO. 1</u> <mark>[Plaintiffs' Version]</mark>**

Answer this interrogatory only if you found in favor of Mr. Abbott on his negligence claim and awarded him compensatory damages.

        Do you find that Mr. Abbott has proven by clear and convincing evidence that DuPont acted with actual malice and that Mr. Abbott has proven actual damages to him that resulted from those acts or failures to act of DuPont? ("Actual malice" means a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.)

                         Yes:     \_\_\_\_

                         No:     \_\_\_\_

(All must agree)

_____     _____

_____     _____

_____     _____

_____     _____
_____          _____

<u>References</u>:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195], Jury Verdict Interrogatory.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS ABBOTT and JULIE ABBOTT,**

            **Plaintiffs,**

      **v.**

**E. I. DU PONT DE NEMOURS AND**
**COMPANY,**

            **Defendant.**

**Case No. 17-cv-00998**

**JUDGE EDMUND A. SARGUS, JR.**

**ABBOTT JURY VERDICT INTERROGATORY NO. 2 [Plaintiffs' Version]**

PLACEHOLDER FOR STATUTE OF LIMITATIONS

                    Yes:    \_\_\_\_

                    No:    \_\_\_\_

(All must agree)

_____

_____

_____

_____

58

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANGELA SWARTZ and**
**TEDDY SWARTZ,**

        **Plaintiff,**        **Case No. 2:18-cv-00136**
                                **JUDGE EDMUND A. SARGUS, JR.**

    **v.**

**E.I. DU PONT DE**
**NEMOURS AND**
**COMPANY,**

<u>**JURY VERDICT FORM FOR NEGLIGENCE CLAIM**</u> <mark>**[Plaintiffs' Version]**</mark>

    1. Do you find that DuPont's negligence was a proximate cause of Mrs. Swartz's injuries?

                           Yes:    ____

                           No:     ____

(All must agree)

_____    _____

_____    _____

_____    _____

_____    _____

    If your answer to Question 1 is "Yes," then answer the next question.
    If your answer to Question 1 is "No," do not answer the following question.

    2. If you found in favor of Mrs. Swartz, what damages, if any, do you find Mrs. Swartz is entitled to on her negligence claim?

                           $ _____

(All must agree)

_____    _____

_____    _____

_____    _____

_____    _____

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANGELA SWARTZ and
TEDDY SWARTZ,**

    **Plaintiff,**     **Case No. 2:18-cv-00136**
              **JUDGE EDMUND A. SARGUS, JR.**

  **v.**

**E.I. DU PONT DE
NEMOURS AND
COMPANY,**

<u>**JURY VERDICT FORM FOR LOSS OF CONSORTIUM CLAIM**</u> <mark>**[Plaintiffs' Version]**</mark>

   1.  If you found in favor of Mrs. Swartz on her negligence claim, do you find in favor of Mr. Swartz on his loss of consortium claim?

         Yes:  ____

         No:  ____

(All must agree)

_____   _____

_____   _____

_____   _____

_____   _____

   If your answer to Question 1 is "Yes," then answer the next question.
   If your answer to Question 1 is "No," do not answer the following question.

   2.  If you found in favor of Mr. Swartz, what damages, if any, do you find Mr. Swartz is entitled to on his loss of consortium claim?

        $ _____

(All must agree)

_____   _____

_____   _____

_____   _____

_____   _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANGELA SWARTZ AND TEDDY SWARTZ,**

        **Plaintiffs,**

                        **Case No. 2:18-cv-136**

    **v.**                   **JUDGE EDMUND A. SARGUS, JR.**

**E.I. DU PONT DE NEMOURS**
**AND COMPANY,**

        **Defendant.**

**JURY VERDICT INTERROGATORY NO. 1 [Plaintiffs' Version]**

Answer this interrogatory only if you found in favor of Mrs. Swartz on her negligence claim and awarded her compensatory damages.

Do you find that Mrs. Swartz has proven by clear and convincing evidence that DuPont acted with actual malice and that Mrs. Swartz has proven actual damages to her that resulted from those acts or failures to act of DuPont? ("Actual malice" means a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.)

                       Yes:    ____

                       No:    ____

(All must agree)

_____

_____

_____

_____

References:  *Vigneron v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136, Final Jury Instructions [*Vigneron* ECF No. 195], Jury Verdict Interrogatory.

61