# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: E.I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CASE NO. 2:13-MD-2433 <br><br> JUDGE EDMUND A. SARGUS, JR. <br><br> MAGISTRATE JUDGE ELIZABETH P. DEAVERS |

**This document relates to:**      ***Travis and Julie Abbott v. E. I. du Pont de Nemours and Company*, Case No. 2:17-cv-00998.**

---

## DUPONT'S RENEWED MOTION FOR MISTRIAL
## AS TO TRAVIS AND JULIE ABBOTT

---

Defendant E. I. du Pont de Nemours and Company ("DuPont") renews its motion for a mistrial for the reasons set forth in the attached memorandum in support and the motion and memorandum filed and submitted to the Court before the jury's verdict was returned.

*/s/ Damond R. Mace*
Damond R. Mace (0017102) (Trial Attorney)
Nathan A. Leber (0090770)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

Aneca E. Lasley (0072366)
Jesse L. Taylor (0088209)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

John A. Burlingame
Katherine A. Spicer
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, DC 20037
(202) 457-6000 (Phone)
(202) 457-6315 (Fax)

D. Patrick Long
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
(214) 758-1500 (Phone)
(214) 758-1550 (Fax)

*Attorneys for Defendant E. I. du Pont de Nemours
and Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: E.I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | : : : : : : : : : : | CASE NO. 2:13-MD-2433<br><br>JUDGE EDMUND A. SARGUS, JR.<br><br>MAGISTRATE JUDGE ELIZABETH P. DEAVERS |

This document relates to: ***Travis and Julie Abbott v. E. I. du Pont de Nemours and Company*, Case No. 2:17-cv-00998.**

---

## MEMORANDUM IN SUPPORT OF DUPONT'S RENEWED MOTION FOR MISTRIAL AS TO TRAVIS AND JULIE ABBOTT

---

Defendant E. I. du Pont de Nemours and Company ("DuPont") respectfully requests that the Court declare a mistrial as to Travis and Julie Abbott's claims rather than entering judgment against DuPont on those claims. As set forth in DuPont's earlier mistrial motion, the circumstances surrounding the jury deliberations had an unconstitutionally coercive effect and a mistrial should be granted. DuPont renews and incorporates by reference its motion for mistrial post-verdict on the facts and law previously set forth in its filed motion for mistrial and the motion for mistrial submitted to the Court under seal. *See Abbott*, ECF 177, 178; *Swartz*, ECF 187, 188. It further renews its motion for mistrial based on the jury's verdict rendered after DuPont's prior motions were made and on the following facts relevant to the verdict:[1]

1. On Thursday, February 27 and Friday, February 28, 2020, the jury appeared to be deliberating regarding the claims of Plaintiffs Travis and Julie Abbott. On February 27, they

---

[1] DuPont reserves the right to re-raise and/or renew its request for mistrial in post-judgment briefing.

requested the deposition, testimony, and report of Dr. Pohar, and the testimony of Dr. Nichols, the specific causation experts on testicular cancer, which is the basis of Mr. and Mrs. Abbott's claims and not relevant to the claims of the other Plaintiffs. Feb. 27, 2020 Trial Tr. at 34:21-36:14. The jury also asked for the Science Panel report. Feb. 27, 2020 Trial Tr. 37:14-18.

2. As described in DuPont's previous motion, the Court received a series of jury notes late in the afternoon on February 27 and on the morning of February 28. The questioning of Juror 54 took place on February 28 at 10:40am, after the jury notes were received. Feb. 28, 2020 Trial Tr. 9:8. Juror 54 she indicated she requested the testimony of Dr. Nichols and the Science Panel report, and she was "saying no when they are saying yes." *Id.* at 12:25-13:3. Based on the timing and content of the jury notes and subsequent questioning of Juror 54, Juror 54 apparently disagreed with her fellow jurors regarding whether specific causation was established on the Abbotts' claims.

3. At 11:00am that same day, the modified *Allen* charge was issued, shortly before the jury was discharged for the weekend. *Id.* at 14:23-15:1. The modified *Allen* charge including the instruction to the jury to consider the "*great* expense and *great emotional harm* to all the parties in this case, defense and the plaintiff." *Id.* at 16:11-12 (emphasis added). After Juror 54 was sent back, and shortly before the modified *Allen* charge, the jury requested the testimony of Dr. Margulis the specific causation expert for Angela and Teddy Swartz. *Id.* at 16:17-20. The jury was discharged for the day at 12:05pm. *Id.* at 17:1.

4. Soon after jury deliberations resumed on Monday, March 2, the jury requested further information relevant to the claims of only Mrs. and Mr. Swartz, indicating that they were no longer deliberating Mr. and Mrs. Abbott's claims. The jury requested the blood pressure records of Angela Swartz and the deposition transcript of Dr. Olson and Dr. Dayal, who were Mrs. Swartz's primary care physicians.

6.   Early in the afternoon of March 2, the jury deadlocked on the claims of Mr. and Mrs. Swartz, and returned a verdict in favor of Mr. and Mrs. Abbott and against DuPont, finding that Mr. Abbott had established specific causation and awarding $40 million on Travis Abbott's claim and $10 million on Julie Abbott's claim for loss of consortium.

DuPont respectfully submits that these facts and chronology further confirm that the modified *Allen* charge and surrounding circumstances amounted to undue coercion of the jury and prejudiced DuPont.  DuPont acknowledges the Court's order today on Correction of the Record. *Abbott*, ECF 179.  For preservation purposes, DuPont respectfully submits that the modified *Allen* charge and surrounding circumstances, both independently and taken together, exerted undue coercive pressure on the single juror to change her vote, prejudiced DuPont, and warrant the declaration of a mistrial.  Accordingly, DuPont respectfully renews its motion for mistrial as to the claims of Mr. and Mrs. Abbott.

## CONCLUSION

For all of the foregoing reasons, and in the interests of justice, DuPont respectfully requests that the Court grant its motion and declare a mistrial as to Mr. and Mrs. Abbott's claims rather than entering judgment against DuPont.

Respectfully submitted,

*/s/ Damond R. Mace*

Damond R. Mace (0017102) (Trial Attorney)
Nathan A. Leber (0090770)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

Aneca E. Lasley (0072366)

- 3 -

Jesse L. Taylor (0088209)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

John A. Burlingame
Katherine A. Spicer
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, DC 20037
(202) 457-6000 (Phone)
(202) 457-6315 (Fax)

D. Patrick Long
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
(214) 758-1500 (Phone)
(214) 758-1550 (Fax)

*Attorneys for Defendant E. I. du Pont de Nemours
and Company*

**<u>CERTIFICATE OF SERVICE</u>**

     This is to certify that a true and accurate copy of the foregoing was filed and served on this

3rd day of March, 2020, upon counsel of record, via this Court's electronic filing system.


                                       */s/ Damond R. Mace*
                                       Damond R. Mace