IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-md-2433 |
| | JUDGE EDMUND A. SARGUS, JR. |
| | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| **This document relates to:** | *Travis Abbott and Julie Abbott v. E. I. du Pont de Nemours and Company*, **Case No. 2:17-cv-00998** |

## JOINT STIPULATION FOR *ABBOTT* CASE REGARDING PREJUDGMENT INTEREST

To avoid delay and conserve time and resources during the COVID-19 pandemic, Defendant E. I. du Pont de Nemours and Company ("DuPont") and Mr. and Mrs. Abbott ("Plaintiffs") (collectively, the "Parties") enter into the following stipulation ("Stipulation") regarding prejudgment interest in the above-captioned *Abbott* case, No. 2:17-cv-00998:

### I. PROCEDURAL HISTORY

1. On or about November 14, 2017, Plaintiffs filed a Complaint in the instant case.

2. On or about March 2, 2020, a jury reached a verdict finding damages for Mr. Abbott on his negligence claim in the amount of $40,000,000.00, and finding damages for Mrs. Abbott on her loss of consortium claim in the amount of $10,000,000.00.

3. On or about March 20, 2020, Plaintiffs moved for prejudgment interest under Ohio Rev. Code § 1343.03(C)(1).

4. On or about April 7, 2020, judgment was entered in Case No. 2:17-cv-00998 (ECF 230). DuPont's Renewed Motion for Mistrial (ECF 180) and Plaintiffs' Motion for Prejudgment Interest (ECF 228) are pending as of the date of the filing of this Stipulation.

## II. PURPOSE AND LIMITATIONS OF STIPULATION

5. The Parties enter into this Stipulation relating to prejudgment interest for purposes of Case No. 2:17-cv-00998 only, and for the sole purpose of avoiding the time, expense, and distraction of litigating the issue of prejudgment interest.

6. DuPont denies that Plaintiffs are entitled to prejudgment interest.

7. DuPont further denies, and specifically reserves its right to contest in post-trial, post-judgment, and appellate proceedings, Plaintiffs' right to relief on its underlying claims and appropriateness of the amounts of damages found by the jury, and preserves all post-trial, post-judgment, and appellate rights except to the limited extent specifically stipulated and agreed in this Stipulation.

8. Plaintiffs stipulate and agree not to oppose a motion by DuPont in Case No. 2:17-cv-00998 for stay of execution of judgment pending post-judgment and appellate proceedings and approval of a bond that includes a principal amount of $50 million, plus prejudgment interest as stipulated herein, plus post-judgment interest for an 18-month period pursuant to the appropriate federal post-judgment rate that is applicable as of April 7, 2020. Plaintiffs further stipulate and agree not to oppose a motion to stay execution of any amended judgment pending post-judgment and appellate proceedings and/or a motion to modify and/or approve a modified bond that corresponds to changes to the principal amount of judgment and/or any corresponding changes to any applicable interest calculated in accordance with Paragraphs 15-21.

9. The Parties stipulate and agree that this Stipulation shall not constitute a waiver of any Party's rights or defenses relating to any issue or ruling in Case No. 2:17-cv-00998 not

expressly stipulated and agreed by this Stipulation. Without limitation of the foregoing, the Parties stipulate and agree that this Stipulation shall not constitute a waiver of or be construed to prejudice any Party's rights or defenses or ability to assert arguments in post-trial or post-judgment motions or on appeal and/or in any appellate proceedings relating to any issue or ruling in Case No. 2:17-cv-00998 not expressly stipulated and agreed by this Stipulation.

10. This Stipulation, which applies to Case No. 2:17-cv-00998 only, shall not be construed to waive or prejudice any Party's rights, defenses, or right to assert arguments in the district court or on appeal relating to any issue, including but not limited to prejudgment interest, in any other case, including but not limited to any other individual case within this MDL.

11. The Parties stipulate and agree that if any award or judgment for either Plaintiff in this case is reduced or vacated by this Court or the Court of Appeals and/or as a consequence of any post-trial, post-judgment, and/or appellate proceedings, then any prejudgment interest award shall be vacated or reduced in the same proportion that the award or judgment is vacated or reduced. For clarity, the Parties stipulate and agree that the prejudgment interest amount as to Travis and/or Julie Abbott will be recalculated and adjusted pursuant to the methodology agreed to in Paragraphs 16-21 if the award or damages for Travis and/or Julie Abbott are reduced as a consequence of any post-trial, post-judgment, and/or appellate proceedings, and/or pursuant to or as a consequence of any amended judgment.

12. This Stipulation shall not be construed as a full and final settlement of the dispute between the Parties, or as an admission of any kind, including this Stipulation should not be construed an admission of liability or fault by DuPont.

13. No Party shall assert in post-judgment proceedings or on appeal that, based on this Stipulation, any other Party is not an aggrieved party for purposes of standing to appeal the District Court's rulings or judgment.

### III. RESOLUTION OF PREJUDGMENT INTEREST ISSUES THAT WOULD OTHERWISE REQUIRE FURTHER PROCEEDINGS IN THE DISTRICT COURT

14. In Plaintiffs' Motion for Prejudgment Interest (ECF 228), Plaintiffs set forth calculations of the prejudgment interest they claim is owed to them.

15. Pursuant to the terms and limitations set forth in this Stipulation, the Parties stipulate and agree to prejudgment interest in Case No. 2:17-cv-00998 calculated pursuant to the following methodology set forth in Paragraphs 16 to 21.

16. The Parties stipulate and agree that the formula for prejudgment interest for purposes of this Stipulation is: (principal) x (annual simple interest rate) x (number of days prejudgment interest accrued in year) ÷ 365 = interest accrued for that year. For purposes of clarity, the interest shown are annual simple interest rates and are not compounded.

17. The Parties stipulate and agree that the prejudgment annual simple interest rates for the relevant years for purposes of this Stipulation are as follows:

    a. 2017: 4.0%

    b. 2018: 4.0%

    c. 2019: 5.0%

    d. 2020: 5.0 %

18. The Parties stipulate and agree that the start date for the accrual of prejudgment interest shall be November 14, 2017, the date that Plaintiffs filed their Complaint.

19. The Parties stipulate and agree that the end date for the accrual of prejudgment interest shall be April 7, 2020, the date upon which judgment was entered in Case No. 2:17-cv-00998.

20. In Plaintiffs' Motion for Prejudgment Interest (ECF 228), Plaintiffs claim prejudgment interest owing on Travis Abbott's claim. Pursuant to the methodology agreed in

Paragraphs 15-19, the amount of prejudgment interest, without compounding, as of the date of the April 7, 2020 judgment on the amount of $40,000,000.00 shall be $4,343,013.69. DuPont does not dispute this example mathematical computation of prejudgment interest on Travis Abbott's claim. The Parties stipulate and agree that the prejudgment interest amount as to Travis Abbott will be recalculated and adjusted, without compounding, pursuant to the methodology agreed herein if the amount of damages ultimately awarded to Travis Abbott after post-trial, post-judgment, and/or appellate proceedings, and/or pursuant to or as a consequence of any amended judgment, is less than $40,000,000.00. The Parties further stipulate and agree that if the damages ultimately awarded to Travis Abbott after post-trial, post-judgment, and/or appellate proceedings, and/or pursuant to or as a consequence of any amended judgment, is zero ($0), then no pre-judgment interest shall be owed or paid.

21. In Plaintiffs' Motion for Prejudgment Interest (ECF 228), Plaintiffs claim prejudgment interest owing on Julie Abbott's claim. Pursuant to the methodology agreed in Paragraphs 15-19, the amount of prejudgment interest, without compounding, as of the date of the April 7, 2020 judgment on the amount of $10,000,000.00 shall be $1,085,753.42. DuPont does not dispute this example mathematical computation of prejudgment interest on Julie Abbott's claim. The Parties stipulate and agree that the prejudgment interest amount as to Julie Abbott will be recalculated and adjusted, without compounding, pursuant to the methodology agreed herein if the amount of damages ultimately awarded to Julie Abbott after post-trial, post-judgment, and/or appellate proceedings, and/or as a consequence of any amended judgment, is less than $10,000,000.00. The Parties further stipulate and agree that if the damages ultimately awarded to Travis Abbott after post-trial, post-judgment, and/or appellate proceedings, and/or pursuant to or as a consequence of any amended judgment, is zero ($0), then no pre-judgment interest shall be owed or paid.

22. The Parties stipulate and agree that this Stipulation cannot be used for any purpose for any other matter and will not be offered as evidence in any trial or proceeding.

23. The Parties stipulate and agree that this Stipulation shall not impact or otherwise prejudice DuPont's ability to file post-judgment motions seeking to vacate or amend the judgment, nor its ability to take an appeal from any judgment.

**STIPULATED AND AGREED.**

_s/ Jon C. Conlin_
Jon C. Conlin (Trial Attorney)
F. Jerome Tapley
Elizabeth E. Chambers
Nina Towle Herring
Mitchell Theodore
CORY WATSON, P.C.
2131 Magnolia Ave., Suite 200
Birmingham, AL 35205
Telephone: 205-328-2200
Fax: 205-324-7896

*Counsel for Plaintiffs*

*And*

_s/ Aneca E. Lasley_
Aneca E. Lasley (0072633) (Trial Attorney)
Jesse L. Taylor (0088209)
SQUIRE PATTON BOGGS (US) LLP
41 South High Street
Columbus, OH 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

D. Patrick Long
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
(214) 758-1500 (Phone)
(214) 758-1550 (Fax)

John A. Burlingame
Amy Doolittle
Katherine A. Spicer
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, DC 20037
(202) 457-6000 (Phone)
(202) 457-6315 (Fax)

Damond R. Mace (0017102)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

**IT IS SO ORDERED.**

Date: 4-17-20

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE